FILED
2021 Aug-02  PM 12:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JACOB HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  5:20-cv-01595-HNJ |
| | ) | |
| CHRISTINE WORMUTH, Secretary of the | ) | |
| Army, and BRANDY RAY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This action proceeds before the court on Defendants Christine Wormuth[1] ("the Army") and Brandy Ray's Motion for More Definite Statement and Motion to Dismiss Brandy Ray as a Defendant.  (Doc. 9).  Defendants seek an order dismissing Jacob Hill's claims against Ray for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(B)(6).  The motion also seeks to compel Hill to

---

[1] Hill initiated this lawsuit against former Acting Secretary of the Army Ryan D. McCarthy in his official capacity.  (Doc. 1).  Wormuth succeeded McCarthy as Secretary of the Army, and, pursuant to Federal Rule of Procedure 25(d), became the defendant to this action. Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party."). This lawsuit thus constitutes an action against Secretary Wormuth in her official capacity, and, in turn, an action against the Army. *See Loeffler v. Frank*, 486 U.S. 549, 562 n.8 (1988) (Title VII lawsuit against an agency head in his or her official capacity constitutes a lawsuit against the agency); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent . . . ."); *Adams v. Cobb Cty. Sch. Dist.*, 242 F. App'x 616, 617 n.1 (11ᵗʰ Cir. 2007) (per curiam) (a Title VII claim against an officer in his or her official capacity remains redundant where the plaintiff also names the officer's employer as a defendant).

replead his claims against the Army pursuant to Federal Rule of Civil Procedure 12(e).

The court concludes Hill's claims against Ray warrant dismissal because she constitutes an individual employee against whom Hill possesses no private right of action pursuant to Title VII.   In addition, the court concludes the Army demonstrates it possesses sufficient notice of the allegations in Hill's Complaint, and thus fails to establish an entitlement to a more definite statement pursuant to Rule 12(e).   Therefore, based upon the analyses herein, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for More Definite Statement and Motion to Dismiss Brandy Ray as a Defendant.

**STANDARDS OF REVIEW**

*Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint if it fails to state a claim for which relief may be granted.   In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court revisited the applicable standard governing Rule 12(b)(6) motions to dismiss.   First, courts must take note of the elements a plaintiff must plead to state the applicable claims at issue.   *Id.* at 675.

After establishing the elements of the claim at issue, the court identifies all well-pleaded, non-conclusory factual allegations in the complaint and assumes their veracity. *Id.* at 679.   Well-pleaded factual allegations do not encompass mere "labels and conclusions," legal conclusions, conclusory statements, or formulaic recitations and threadbare recitals of the elements of a cause of action.   *Id.* at 678 (citations omitted).

In evaluating the sufficiency of a plaintiff's pleadings, the court may draw reasonable inferences in plaintiff's favor. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11ᵗʰ Cir. 2005).

Third, a court assesses the complaint's well-pleaded allegations to determine if they state a plausible cause of action based upon the identified claim's elements. *Iqbal*, 556 U.S. at 678. Plausibility ensues "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and the analysis involves a context-specific task requiring a court "to draw on its judicial experience and common sense." *Id.* at 678, 679 (citations omitted). The plausibility standard does not equate to a "probability requirement," yet it requires more than a "mere possibility of misconduct" or factual statements that are "merely consistent with a defendant's liability." *Id.* at 678, 679 (citations omitted).

More pertinent for the claims at bar, however, a "complaint fails to state a claim for which relief may be granted when the law does not recognize the claim or cause of action asserted. *See, e.g., Cone Fin. Grp., Inc. v. Emps. Ins. Co.*, 476 F. App'x 834, 835–36 (11ᵗʰ Cir. 2012) (the plaintiff's claim could not withstand a Rule 12(b)(6) motion to dismiss because the law did not recognize the cause of action asserted)."

Notwithstanding the foregoing Rule 12(b)(6) and *Iqbal* plausibility standards, the court must construe Hill's *pro se* complaint more liberally than it would pleadings drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally

3

construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, *pro se* pleadings still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

*Rule 12(e)*

Pursuant to Federal Rule Civil Procedure 12(e), a defendant may file a motion seeking "a more definite statement" of a complaint "which is so vague or ambiguous that the [defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The defendant bears the burden of demonstrating a complaint portrays a lack of clarity reasonably foreclosing the ability to prepare a responsive pleading, which represents a "very high standard." *Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, No. 2:18-CV-1290-KOB, 2020 U.S. Dist. LEXIS 79679, at *9 (N.D. Ala. May 6, 2020) (citation omitted); *see FNB Bank v. Park Nat'l Corp.*, No. 13–0064–WS–C, 2013 WL 1748796, at *6 (S.D. Ala. Apr. 23, 2013) (the defendant failed to demonstrate the need for a more definite statement pursuant to Rule 12(e)); 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1378 ("Most federal courts cast the burden of establishing the need for a more definite statement on the movant.").

Further, given the "liberal pleading standard[s]" set forth in Federal Rule of Civil Procedure 8, *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1261 (11th Cir. 2015), and "the plethora of available pretrial discovery procedures," *Blumenthal v. Smith*, No. 6:17-cv-975-Orl-40TBS, 2018 U.S. Dist. LEXIS 221164, at *9

(M.D. Fla. Feb. 26, 2018), the law generally disfavors motions for a more definite statement and courts grant them sparingly. *See Fathom Exploration, LLC v. The Unidentified Shipwrecked Vessel or Vessels*, 352 F. Supp. 2d 1218, 1221 (S.D. Ala. 2005) ("Motions for more definite statement are viewed with disfavor and are rarely granted."); 5C WRIGHT & MILLER, *supra*, § 1376 ("[T]he availability of a motion for a more definite statement is quite restricted. . . . [T]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small.").

The Rule 12(e) standard "strike[s] at unintelligibility rather than [a complaint's] lack of detail." 2 MOORE'S FEDERAL PRACTICE § 12.36[1]. Thus, the court must deny a Rule 12(e) motion "if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer." *Herman v. Cont'l Grain Co.*, 80 F. Supp. 2d 1290, 1297 (M.D. Ala. 2000). "Nevertheless, when a plaintiff fails to identify key facts, unduly increasing the burden of understanding the factual allegations, district courts may grant a 12(e) motion for a more definite statement." *Tolbert v. High Noon Prods., LLC*, No. 4:18-CV-00680-KOB, 2019 U.S. Dist. LEXIS 2937, at *7 (N.D. Ala. Jan. 8, 2019). "[T]o withstand a motion under Rule 12(e) a pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." 5C WRIGHT & MILLER, *supra*, § 1376.

## THE COMPLAINT AND OTHER RELEVANT BACKGROUND

This case proceeds on Plaintiff Jacob Hill's Complaint against Defendants Brandy Ray and the Army. (Doc. 1). Hill, proceeding *pro se*, filed a form Complaint for Employment Discrimination on October 13, 2020, alleging various violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (*Id.* at 3). Hill, an African-American male, alleges the Army discriminated against him on the basis of his race, color, and sex by subjecting him to "[u]nequal terms and conditions of [his] employment." (*Id.* at 4–5).

> Hill elaborated his allegations as follows:
>
> Disparate treatment discrimination based on my race (Black-American) and sex (mal[e]) by [Ray].
>
> Subjected to [non-sexual] harassment in continuation of [Ray] blaming incidents on [me].
>
> Never allowed to fill [Ray's] supervisor position in her absence while rotating for others to fill that are equal in [my] rank . . . .
>
> [Ray] would not acknowledge the team lead duties [I] held with [my] previous supervisor. She would not allow [me] the award of Quality Step Increase.

(*Id.* at 5). Hill further stated he constitutes the "only black male with [a] high position under [Ray's] supervision." (*Id.*) He specified that the alleged discriminatory acts occurred during the period April 16, 2017, to May 2, 2018, "and [remained] ongoing to December 2019." (*Id.* at 4). Hill alleged he suffered $37,426.00 in lost wages due to the Quality Step Increase denial. (*Id.* at 6).

Hill appended to his Complaint a July 16, 2020, final order the Army issued vis-à-vis a complaint he filed with the Equal Employment Opportunity ("EEO") Office on June 19, 2018.[2]  (*Id.* at 9–17).  The final order describes Hill's allegations as follows:

> [Ray] . . . discriminated against [Hill] and subjected [him] to harassment (non-sexual) on the bases of race (black), color (black), and sex (male) . . . when:
>
> 1. From mid-December to May 2, 2018, Ms. Ray did not allow [Hill] to perform [his] duties as Team Leader, such as not allowing [him] to brief [his] Information Technology (IT) section during staff call and refusing to allow [him] to serve as Acting Branch Chief in her absence, unlike [his] co-workers;
>
> (b) On April 16, 2018, Ms. Ray blamed [Hill] for issuing out a laptop; and
>
> (c) On May 2, 2018, [Hill] requested a Quality Step Increase (QSI) for the most recent performance rating cycling ending March 31, 2018, but Ms. Ray did not give [him] a response.

(*Id.* at 9–10).[3]

On November 30, 2020, Hill filed a notice informing the court that prior to filing his Complaint, he appealed from the Army's final order to the EEOC's Office of Federal Operations ("OFO") on July 29, 2020,[4] and the OFO issued a decision

---

[2] Federal Rule of Civil Procedure 10 provides "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).  Hill's attachment does not include a copy of his EEO complaint.

[3] The Army's final order implements a decision rendered by an Equal Opportunity Employment Commission ("EEOC") Administrative Law Judge granting the Army's motion for summary judgment on Hill's claims and dismissing his complaint.  (Doc. 1 at 10).

[4] Hill furnished the Army a copy of his appeal request.  (Doc. 8 at 3).

affirming the Agency's final order on October 26, 2020.[5] (Doc. 8). The OFO's decision recites Hill's allegations as printed in the Army's final order and quoted above.[6] (*Id.* at 4–5). Further, Hill's appeal request states, in pertinent part:

> [Ray] ensured her input eliminated [Hill] from getting promoted due to changing the points and was alleged at [sic] providing answers to one of the employees seeking promotion. . . . .
>
> . . .
>
> [Ray's] involvement with the promotion system involves her relationship with Mr. Steve Dirigo wh[o] is a relative. Her purpose was to ensure he received a (White) employee in his Division. . . . .
>
> There was more harassment done during that time and after, but only one incident was placed on this EEOC grievance. [Ray] continued to harass by . . . mov[ing] new equipment when [it] arrives when no one is in the supply room . . . and this equipment would be already on [Hill's] property sheet, so if not found [he] would pay for the equipment. She would never come back and state should [sic] move the equipment. [Hill] [is] held accountable for all equipment and [he is] the first [who] will pay for it . . . .

(*Id.* at 3).[7]

---

[5] Hill appended to his notice a copy of his appeal request and the OFO's decision. (Doc. 8 at 3–11). Prior to Hill's November 30, 2020, notice, the court lacked knowledge that he filed and maintained an appeal with the OFO when he filed his October 13, 2020, Complaint in this action.

[6] The OFO's decision portrays it assessed Hill's claims pursuant to the disparate treatment and harassment frameworks . (Doc. 8 at 6–8). The OFO appended a certificate of mailing to its decision depicting it served a copy of its decision upon the Army. (Doc. 8 at 4–5).

[7] When assessing a Rule 12(e) motion, the court may properly consider the defendant's "knowledge of the information sought." 2 MOORE'S FEDERAL PRACTICE § 12.36[3]; *accord Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). Because, as elaborated below, Hill's appeal request and the OFO's decision depict the Army possesses knowledge of the nature and bases for Hill's claims, the court may consider these documents as filed in Hill's October 10, 2020, notice. *See Amin v. Mercedes-Benz USA, LLC*, 349 F. Supp. 3d 1338, 1351–52 (N.D. Ga. Dec. 18, 2018) (in assessing the defendant's Rule 12(e) motion, the court considered its notice of appearance in the case and previously filed stipulation, as both evidenced the defendant's knowledge of the plaintiff's claims); 5C CHARLES ALAN WRIGHT

Defendants filed the instant Motion on January 19, 2021.  (Doc. 9).

## DISCUSSION

I.    **Hill Fails to State a Claim Upon Which Relief May Be Granted Against Ray Because She Does Not Constitute an "Employer" Pursuant to Title VII**

Defendants beseech the court to dismiss Hill's claims against Ray pursuant to Rule 12(b)(6) because she constitutes "an individual employee," and thus stands as an improper defendant to his Title VII action.  (Doc. 9 at 3).  Title VII provides that "[a]ll personnel actions affecting employees . . . in military departments . . . shall be made free from any discrimination based on race, color, [or sex]."  42 U.S.C. § 2000e-16(a).  Section § 2000e-16 further specifies that in any civil action properly filed by a federal employee "aggrieved by the final disposition of his [administrative] complaint, . . . the head of the department, agency, or unit, as appropriate, shall be the defendant."  § 2000e-16(c).

Based upon this statutory language, Title VII does not expose individual federal employees to liability, and, concomitantly, a plaintiff may not assert a Title VII claim against an employee or supervisor in her individual capacity.  *See, e.g.*, *Laurent v. Potter*, 405 F. App'x 453, 455 (11th Cir. 2010) (the district court properly dismissed the plaintiff's Title VII claims against individual federal employees because the head of the

---

& ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1378 ("Whether [the defendant] will succeed in discharging [the Rule 12(e)] burden depends on . . . the availability of information from other sources that may clear up the pleading . . . .").

United States Postal Service constituted the only proper defendant to the action pursuant to § 2000e-16(c) (citing *Newbold v. U.S. Postal Serv.*, 614 F.2d 46, 47 (5ᵗʰ Cir. 1980) (per curiam), *cert. denied*, 449 U.S. 878, (1980)) (the plaintiff improperly named an individual employee as a defendant in a Title VII suit against the United States Postal Service));[8] *Bryant v. United States Dep't of Agric.*, 967 F.2d 501, 503 (only the Secretary of Agriculture constituted the proper defendant to the plaintiff's Title VII action); *Bates v. Tenn. Valley Auth.*, 851 F.2d 1366, 1368 (11ᵗʰ Cir. 1988) (the district court properly dismissed the plaintiff's claims against the defendants who did not constitute the head of the Tennessee Valley Authority).

Pursuant to the foregoing binding and persuasive authority, Hill may not press his Title VII claims against Ray, as Secretary Wormuth constitutes the only proper defendant in the instant action.  Consequently, Hill fails to state a claim upon which relief may be granted against Ray pursuant to Rule 12(b)(6).  *See Reyna v. Donley*, 479 F. App'x 609, 611 (5ᵗʰ Cir. 2012) (the district court properly granted the individual employee-defendant's Rule 12(b)(6) motion because he did not constitute a proper defendant pursuant to § 2000e-16(c)); *Manigault v. Astrue*, No. 1:11-CV-0793-MHS-JFK, 2011 U.S. Dist. LEXIS 160794, at *5–6 (N.D. Ga. Nov. 16, 2011) (the court dismissed the plaintiff's Title VII claims against the individual employee-defendants pursuant to Rule 12(b)(6)); *accord Hill-Brown v. Peters*, No. 1:09-CV-00848-TCB-ECS, 2010 U.S. Dist.

---

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11ᵗʰ Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions decided prior to October 1, 1981.

LEXIS 150673, at *7 (N.D. Ga. Feb. 12, 2010).  The court thus **GRANTS** Defendants'

Motion to Dismiss Brandy Ray as a Defendant and **DISMISSES WITH**

**PREJUDICE** Hill's Title VII claims against Ray.

## II. The Army Fails to Demonstrate It Cannot Reasonably Prepare a Response to Hill's Complaint Without a More Definite Statement

The Army contends Hill's Complaint comprises conclusory and vague

allegations lacking adequate factual support, and thus constitutes an improper "shotgun

pleading"[9] that deprives the Army "of notice . . . of the precise contours of Hill's claims

and the grounds upon which they rest."  (Doc. 9 at 6).  In particular, the Army maintains

Hill "does not allege any facts to support his assertion that his race or sex motivated

the alleged mistreatment about which he complains," thus rendering his allegations

mere "garden-variety workplace grievances" that fail to demonstrate an entitlement to

---

[9] The Eleventh Circuit condemns as a "shotgun pleading" any "complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).  Pursuant to Rule 8(a)(2), a complaint "must contain . . . a short and plaint statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 10(b), provides, in pertinent part, that a plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Rule 10(b) further states that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . ."  *Id.*

The Eleventh Circuit categorized shotgun pleadings into "four rough types":  (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) "a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint failing to separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).  "The unifying characteristic of all types of shotgun pleadings," the Court elaborated, "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Id.* at 1323.

relief. (*Id.* at 4–5). The Army further specifies that Hill failed to articulate "the identity and positions of the individuals [he] claims were treated more favorably," and he did not delineate his claims "in numbered paragraphs or his causes of action in separate counts." (*Id.* at 6). The Army thus bids the court to issue an order requiring Hill to provide a more definite statement of his claims pursuant to Rule 12(e).

To recount, Rule 12(e) permits a defendant to request a more definite statement of a complaint that fails to furnish adequate notice of the claims asserted therein – and thus prevents the defendant from reasonably preparing a response – because of its vagueness or ambiguity. Fed. R. Civ. P. 12(e). Accordingly, as elaborated previously, a defendant may properly utilize Rule 12(e) only to seek clarification of a complaint which fails to present intelligible claims. *See* 2 MOORE'S FEDERAL PRACTICE § 12.36[1]. Further, "motions for a more definite statement should be strictly limited to those few instances in which a significant advancement of the litigation will result from a grant of the defendant's motion." 5C WRIGHT & MILLER, *supra*, § 1378. Applying the foregoing standards to the instant Motion, the Army fails to establish Hill's Complaint "is so vague or ambiguous" that it cannot reasonably prepare a responsive pleading. Fed. R. Civ. P. 12(e).

As an initial matter, the Army's Motion belies any contention it lacks sufficient notice of the nature and bases of the claims Hill asserts against it. Based upon the Complaint, the Army discerned "four forms of mistreatment" Hill alleges he suffered "on the basis of his race and sex": "harassment in having 'incidents' blamed on him;

(2) being prevented from temporarily filling the supervisor role in Ray's absence; (3) the fact that Ray would not 'acknowledge the team lead duties' he performed under a previous supervisor; and (4) the fact that he was not awarded a Quality Step Increase." (Doc. 9 at 4).   By delineating Hill's allegations as such, the Army demonstrates an understanding of the nature of the discrimination claims he presents and the grounds therefor.   The Army's own framing of Hill's allegations thus undermines the contention the Complaint manifests so vaguely or ambiguously it forecloses the reasonable preparation of a response.   *See Cox v. Me. Mar. Acad.*, 122 F.R.D. 115, 116 (D. Me. 1988) ("[A] rule 12(e) motion properly is granted only when a party is unable to determine the issues he must meet.").

Further notice of Hill's claims flows from the prior EEOC proceedings.   As elaborated previously, Hill filed a complaint with the Army's EEO Office that progressed through the EEOC's initial review and appeal channels.   And significantly, in its final order implementing the EEOC's decision, the Army articulated Hill's claims with particularity.   To recount, the Army specified that Hill claimed Ray discriminated against him and "subjected [him] to harassment (non-sexual) on the bases of race (black), color (black), and sex (male)" because "[f]rom mid-December to May 2, 2018, [she] did not allow [him] to perform [his] duties as Team Leader, such as not allowing [him] to brief [his] Information Technology (IT) section during staff call and refusing to allow [him] to serve as Acting Branch Chief in her absence, unlike [his] co-workers;" "[o]n April 16, 2018, [she] blamed [him] for issuing out a laptop"; and "[o]n May 2,

2018, [he] requested a Quality Step Increase (QSI) for the most recent performance rating cycling ending March 31, 2018, but [she] did not give [him] a response."  (Doc. 1 at 9–10).  The OFO framed Hill's claims correspondingly in its decision affirming the Army's final order, which, according to the certificate of mailing, it served upon the Army.  (Doc. 8 at 4–5).  These articulations of Hill's claims accord with the Complaint and the Army's afore-cited interpretation thereof, and thus further undermine the Army's contention it cannot discern the nature or bases of the claims absent a more definite statement.

Moreover, Hill presented additional factual allegations in the appeal request he furnished to the Army.  As discussed previously, Hill alleged Ray "ensured her input eliminated [him] from getting promoted due to changing the points," and he contended "[h]er purpose was to ensure [Dirigo] received a (White) employee in his Division." (Doc. 8 at 3).  This allegation clearly pertains to Hill's claim, as portrayed in his Complaint, that Ray did not award him a Quality Step Increase based upon his race.

Hill's   appeal   further   discussed   Ray   allegedly   "mov[ing]   new equipment . . . already on [his] property sheet" and causing him to pay for the equipment, (*id.*), which may reasonably relate to his claim that Ray discriminatorily "blam[ed] incidents on [him]."  (Doc. 1 at 5).  The same observation ensues vis-à-vis the OFO's resolution of Hill's claim that a Branch Chief (ostensibly Ray) erroneously blamed Hill for improperly issuing a laptop to an employee (doc. 8 at 5, 7), which represents a claim covered by the EEOC's Administrative Law Judge prior to Hill filing

the complaint at bar.

To be sure, Hill's contention that Ray engaged in "more harassment . . . during that time and after," while citing "only one incident" on his EEO complaint, (doc. 8 at 3), casts ambiguity on whether Ray's alleged moving of the equipment relates to her alleged blaming of Hill for "incidents." (Doc. 1 at 5). Yet discovery devices, rather than Rule 12(e), constitute the proper vehicle for the Army to pursue any desired clarification. *See Herman*, 80 F. Supp. at 1297 ("A motion for a more definite statement under Rule 12(e) is not to be employed as a substitute for pre-trial discovery proceedings.").

In short, the Army's own Motion and participation in the EEOC proceedings demonstrates that it stands on reasonable notice of the nature and bases of the claims Hill asserts against it. Such notice, in turn, negates its alleged need for a more definite statement of Hill's claims. *See Armelin v. Donahue*, No. 11–cv–00048–MSK–KLM, 2012 WL 5250393, at *7 (D. Colo. Sept. 5, 2012) (the court denied the defendant's Rule 12(e) motion because the defendant participated in the prior EEO administrative proceedings, and thus demonstrated an understanding of the plaintiff's claims); *Seum v. McClure Staffing LLC*, No. 5:11CV79, 2012 WL 254146, at *7 (N.D. W. Va. Jan. 27, 2012) ("The defendants' own files should provide sufficient information by which to investigate the allegations for the purposes of a response, and where they do not, [Rule 8(b)] 'would permit them to plead that they lacked sufficient information to form a belief as to the truth of the allegations and would give this plea the effect of a denial.'")

(alterations omitted) (quoting *Hodgson v. Va. Baptist Hosp.*, 482 F. 2d 821, 824 (4th Cir. 1973)); *Cranston v. Baltimore & Ohio R.R. Co.*, 16 F.R.D. 318, 319 (W.D. Pa. 1954) (the court denied the defendant's motion for a more definite statement because it possessed the collective bargaining agreement upon which the plaintiff sued, and, therewith reasonably possessed knowledge of the provisions it allegedly breached); 2 MOORE'S FEDERAL PRACTICE § 12.36[3] ("[I]n determining whether to grant a motion for more definite statement, the court often considers whether the movant has knowledge of the information sought. If the movant's existing knowledge enables it to file a responsive pleading, the court will often deny the motion even if the pleading arguably fits the 'vague and ambiguous' Rule 12(e) standard.").

As for the Army's specific contention that it requires a more definite statement because Hill failed to present his "claims in numbered paragraphs or his causes of action in separate counts," the foregoing notice discussion likewise diminishes the strength of this argument.  (Doc. 9 at 6).  To revisit, Rule 10(b) requires a plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  The purpose of this requirement "is to provide an easy mode of identification for referring to a particular paragraph in a prior pleading or for cross-referencing within a single pleading." 5A WRIGHT & MILLER, *supra*, § 1323 (4th ed.).  Importantly, however, "a pleading that is comprehensible and presents no interpretive difficulties to the parties or the district court because of its form is not rendered insufficient because of the absence of numbers before each paragraph." *Id.*

This exception precisely obtains here.  The Army's own enumeration of Hill's claims in its Motion, together with its defending against Hill's claims at the administrative level, demonstrates its ability to comprehend his Complaint.  The Army thus fails to establish how Hill's failure to state his claims in numbered paragraphs poses an "interpretive difficult[y]" it cannot overcome without a more definite statement.  *Id.*

Similarly, although Hill did not set forth his causes of action in separate counts, Rule 10(b) requires such styling only "[i]f doing so would promote clarity."  Fed. R. Civ. P. 10(b).  Generally, therefore, "if the defendant is able to ascertain the precise nature of the claim being asserted against [it], separate statements under Rule 10(b) will not be required."  5A WRIGHT & MILLER, *supra*, § 1324.  Here, Hill's Complaint plainly indicates he pursues race, color, and gender claims pursuant to Title VII.

Immediately above the section in which he described Ray's alleged discrimination, Hill stated, "Disparate treatment discrimination based on my race (Black-American) and sex (mal[e])." (Doc. 1 at 5).  Hill further stated he constitutes the "only black male with [a] high position under [Ray's] supervision."  (*Id.*)  Presumably, therefore, Hill maintains that Ray's allegedly discriminatory conduct – which the Army deciphered as "four forms of mistreatment" – violated Title VII's prohibition against race and gender discrimination, and framed corresponding causes of action.  (Doc. 9 at 4).  In addition, as elaborated previously, the OFO's decision portrays it assessed Hill's claims pursuant to the disparate treatment and harassment frameworks.  (Doc. 8 at 6–8).

Thus, based upon Hill's Complaint and the development of his claims during the administrative proceedings, the Army may reasonably ascertain the nature and bases of the claims Hill asserts against it, notwithstanding his failure to present them in separate counts.  *See Farrar v. City of Chicago*, 291 F. Supp. 2d 747, 751 n.2 (N.D Ill. 2003) ("While separation of [the plaintiff's] claims would have facilitated clear presentation, *pro se* complaints should be liberally construed.").  Hill's and the Army's statuses as the sole parties to this action buttresses this conclusion.[10]  *See Davis v. Coca-Cola Bottling Co.*

---

[10] The court heeds the Army's contention that Hill's Complaint falls within the letter of the Eleventh Circuit's definition of a "shotgun pleading . . . that commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1322.  Even so, as elaborated in the foregoing discussion, Hill's Complaint nevertheless "give[s] [the Army] adequate notice of the claims against [it] and the grounds upon which each claim rests," and thus lacks the fundamental (and fatal) characteristic "unifying" the shotgun pleadings the Eleventh Circuit rebukes.  *Id.* at 1323.  Hill's Complaint thus does not violate the spirit of the Eleventh Circuit's proscription against shotgun pleadings, even if it bears a deficiency typical of the same.  *See ANZ Advanced Techs., LLC v. Bush Hog, LLC*, No. 09-00228-KD-N, 2009 U.S. Dist. LEXIS 97246, at *5 (S.D. Ala. Sept. 29, 2009) (The complaint did not constitute an improper "shotgun pleading" because it did not leave the reader "guessing from . . . as to how plaintiff[s] w[ere] wronged, what defendants are alleged to have done, how plaintiffs contend that defendants are liable for those acts and omissions, or how the factual allegations are possibly material to the particular causes of action asserted.") (alterations in original) (quoting *Garrett v. Stanton*, No. 08-0175-WS-M, 2008 U.S. Dist. LEXIS 86249, *31 n.15 (S.D. Ala. Oct. 28, 2008)).

Similarly, despite any shortcomings, Hill's Complaint does not portend the discovery issues "shotgun pleadings" commonly incite.  As the Eleventh Circuit explained, "shotgun pleadings" pose complications because properly drafted pleadings "mark the boundaries for discovery"; thus, a pleading comprising only vague or ambiguous allegations, or lengthy allegations lacking delineation by claim or cause of action, may cause the parties to engage in needlessly expansive and costly discovery. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125–28 (11th Cir. 2014); *see Staggers v. Int'l Longshoremen's Ass'n*, No. 20-cv-24202-BLOOM/Otazo-Reyes, 2021 U.S. Dist. LEXIS 16072, at *12 (S.D. Fla. Jan. 28, 2021) ("Shotgun pleadings fail to make the connection between 'the substantive count and the factual predicates . . . [such that] courts cannot perform their gatekeeping function with regard to the averments of [the claim].'") (quoting *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279–80 (11th Cir. 2006)); *Garrett*, 2008 U.S. Dist. LEXIS 86249, *31 n.15 ("Perhaps chief among [the "ills of shotgun pleading"] is the inevitable propagation of unnecessarily broad discovery, with the case proceeding along aimlessly because the inclusion of numerous extraneous and immaterial allegations incorporated into every single claim for relief renders it virtually impossible to delineate reasonable discovery

*Consol.*, 516 F.3d 955, 980 (11th Cir. 2008) (the plaintiffs impermissibly violated Rule 10(b) by failing to state their claims in separate counts because the complaint named eight plaintiffs and failed to designate which plaintiff(s) asserted which cause(s) of action), *abrogated on other grounds by Iqbal*, 556 U.S. 662, *and Twombly*, 550 U.S. 544, *as recognized in LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816 (11th Cir. 2015); *Beckley v. McDonald's USA, LLC*, No. 2:16-cv-00054-WHA, 2017 U.S. Dist. LEXIS 16877, at *6 (M.D. Ala. Feb. 7, 2017) (The court granted the defendants' Rule 12(e) motion because the plaintiff's complaint failed to "ascribe actionable conduct to particular causes of action and to individual defendants," and thus "impose[d] an onerous duty on th[e] Court and [the defendants] to sift through [the plaintiff's] pleading to match claims to facts.").

Furthermore, even if "key questions" vis-à-vis Hill's claims remain

---

boundaries."). Hill's Complaint adequately frames the scope of discovery because, as discussed previously, it permits the Army to identify the nature and bases of the discrimination claims asserted, and reasonably prepare a good-faith response. *C.f. Bennett v. Nationstar Mortg., LLC*, No. 15-00165-KD-C, 2015 U.S. Dist. LEXIS 119532, at *42 (S.D. Ala. Aug. 17, 2015) (the plaintiff's complaint constituted a "shotgun pleading" that warranted a more definite statement because the allegations engendered confusion, and thus posed the risk of unwieldy and overly broad discovery).

Accordingly, because Hill's Complaint does not incite the practical concerns reflected in the Eleventh Circuit's "shotgun pleading" strictures, the Army finds no refuge in the same. *See Oppenheimer v. Robison*, No. 1:20-cv-152-TFM-N, 2020 U.S. Dist. LEXIS 173560, at *9 (S.D. Ala. Sept. 22, 2020) (although the plaintiff's complaint portrayed characteristics of a "shotgun pleading," the court denied the defendants' Rule 12(e) motion because the complaint nevertheless placed the defendants on sufficient notice of the allegations asserted therein); *Amin*, 349 F. Supp. 3d at 1351 ("While it is true that Plaintiffs' Complaint does 'incorporate by reference each allegation set forth in the preceding paragraphs,' . . . the Court finds it implausible that Daimler is unable to ascertain the claims being lodged against it and the grounds upon which those claims rest—notwithstanding Plaintiffs' pleading conventions. Indeed, the balance of Daimler's own motion . . . belies any such notion.").

"unanswered," (doc. 9 at 6), under the circumstances, the Army nevertheless demonstrates sufficient understanding of the allegations to assert a good-faith denial thereof, or simply state that it "lacks knowledge or information sufficient to form a belief about the truth [thereof]." Fed. R. Civ. P. 8(b)(3), (5); *see Williams v. Omainsky*, No. 15-0123-WS-N, 2015 U.S. Dist. LEXIS 86118, at *10–11 (S.D. Ala. July 1, 2015) ("[Plaintiff's] inclusion of multiple alleged FLSA violations in a single count in no way renders the Complaint an inscrutable 'shotgun pleading' to which defendants cannot reasonably form a response in good faith."); *Harper v. City of Murphysboro*, No. 08-182-GPM, 2008 U.S. Dist. LEXIS 54110, at *8 (S.D. Ill. July 15, 2008) (Based upon Rule 8(b)'s pleading standards, the defendants "[were] not disadvantaged by the composition of the complaint nor [would] they be strained to prepare a responsive pleading" such that they required a more definite statement pursuant to Rule 12(e).); 5C WRIGHT & MILLER, *supra*, § 1376 ("[T]he pleading . . . cannot be so vague or ambiguous that the opposing party cannot respond—even with a simple denial—in good faith, without prejudice to himself."); 5C WRIGHT & MILLER, *supra*, § 1377 ("[T]he generally accepted current construction of Rule 12(e) . . . is that the movant's ability to prepare a responsive pleading is to be measured in terms of the minimal duty imposed on him by the federal pleading rules and the possibility that he might be prejudiced by attempting to answer the pleading in its existing vague or ambiguous form.").

Moreover, to the extent the Army requires clarification of Hill's causes of action to prepare adequate defenses, it may seek the same via discovery. *See ANZ Advanced*

*Techs., LLC v. Bush Hog, LLC*, No. 09-00228-KD-N, 2009 U.S. Dist. LEXIS 97246, at

*6 (S.D. Ala. Sept. 29, 2009) ("The discovery process will enable [the defendants] to

'ferret out additional detail concerning plaintiffs' legal theories in a timely and efficient

manner.") (alteration omitted) (quoting *Garrett v. Stanton*, No. 08-0175-WS-M, 2008 U.S.

Dist. LEXIS 86249, *31 n.15 (S.D. Ala. Oct. 28, 2008));  *Fanguy v. Eastover Country Club,

L.L.C.*, No. Civ.A. 01–3778, 2002 WL 1888901, at *4 (E.D. La. Aug. 16, 2002) ("While

the Defendants may need additional information to prepare a defense, this can be

obtained through discovery and other pretrial procedures."); *Faulk v. Home Oil Co.*, 173

F.R.D. 311, 313 (M.D. Ala. 1997) ("The lack of specificity in the Plaintiffs' Complaint

can be adequately addressed through appropriate methods of discovery."); 5A WRIGHT

& MILLER, *supra*, § 1324. ("[F]ederal courts have been properly insistent in the past in

refusing to allow a motion to state [causes of action] separately from becoming a

substitute for the discovery procedures.").  Thus, although Hill did not distill his claims

into enumerated paragraphs or separate counts pursuant to Rule 10(b), the Army fails

to establish it lacks adequate notice of the nature of his allegations to reasonably prepare

a responsive pleading.[11]

---

[11] Although a *pro se* plaintiff's complaint "must comply with the procedural rules governing the proper form of pleadings," the Army nevertheless fails to establish the need for a more definite statement because, again, Hill's Complaint places the Army on notice of the bases for his discrimination claims. *Amun-Ra Hotep Ankh Meduty v. Ga. Dep't of Admin. Servs.*, 614 F. App'x 401, 402–03 (11th Cir. 2015). Thus, because the Complaint does not require "the court and [the Army] to determine who exactly wronged [Hill] and in what manner," *id.*, Hill's failure to delineate his claims in separate counts does not entitle the Army to a more definite statement.  *See* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1324 ("Rule 10(b) does not make it necessary to use

Finally, as for the Army's contention it requires a more definite statement of Hill's Complaint because he did not specify "the identity and positions of the individuals [he] claims were treated more favorably," the court fails to discern how any such deficiency prejudices the Army's ability to reasonably frame a responsive pleading. (Doc. 9 at 6). As referenced previously, a defendant may not latch upon Rule 12(e) to extract additional details it may desire vis-à-vis a plaintiff's allegations, as discovery devices and other pretrial mechanisms represent the proper vehicles for such fact finding efforts. *See Williams v. Walmart Stores East, LP*, No. 1:18-CV-874-WKW, 2019 U.S. Dist. LEXIS 105862, at *2 (M.D. Ala. June 25, 2019) ("The [Rule 12(e) motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail.") (quoting *Faulk v. Home Oil Co.*, 173 F.R.D. 311, 313 (M.D. Ala. 1997)); *Burnetti v. Westchester Fire Ins. Co.*, No. 8:18-cv-482-T-23JSS, 2018 U.S. Dist. LEXIS 228427, at *6 (M.D. Fla. May 24, 2018) ("[A] more definite statement will generally only be ordered if a pleading is unintelligible and not simply lacking details."); *Wilson v. Gov't of the Dist. of Columbia*, 269 F.R.D. 8, 12 (D.D.C. 2010) ("[T]o prevent Rule 12(e) from becoming a substitute for discovery, courts should generally deny a motion for a more definite statement where the information sought may be obtained in discovery."); *Abrams v. CIBA Specialty Chemicals Corp.*, No. 08-0068-WS-B, 2008 U.S. Dist. LEXIS 68897, at *4 (S.D. Ala. Sept. 10, 2008) ("If defendants wish to delve into

---

separate counts to state different theories of recovery or to seek relief under separate statutory provisions, although the pleader may choose to do so for clarity or out of caution.").

the nuances of the facts supporting each particular plaintiff's claims, then the discovery process (not the Rule 12(e) mechanism) is the appropriate vehicle for doing so."); *Cox*, 122 F.R.D. at 116 ("Rule 12(e) motions are designed to strike at unintelligibility, rather than at lack of detail in the complaint."); 5C WRIGHT & MILLER, *supra*, § 1375 ("[T]he Rule 12(e) motion was not designed to elicit evidentiary details.").

The Army may avail itself of discovery and other pretrial devices to ascertain the desired particulars of Hill's disparate treatment claims, thus foreclosing any need for a more definite statement to this end.   *See Oppenheimer v. Robison*, No. 1:20-cv-152-TFM-N, 2020 U.S. Dist. LEXIS 173560, at *9 (S.D. Ala. Sept. 22, 2020) (The court denied the defendants' Rule 12(e) motion because, notwithstanding their shortcomings, the plaintiff's claims remained "sufficiently clear for [the defendants] to address" and the parties could resolve "[a]ny lingering issues . . . by normal discovery mechanisms."); 5C WRIGHT & MILLER, *supra*, § 1376 ("[A]n implausible claim may well be stated intelligibly enough to enable the framing of a response.").   For the foregoing reasons, Hill's Complaint does not reasonably prejudice the Army's ability to craft a responsive pleading, and, concomitantly, the Army fails to demonstrate an entitlement to a more definite statement pursuant to Rule 12(e).

## CONCLUSION AND ORDER

Pursuant to the foregoing discussion, Hill failed to state a claim upon which relief may be granted against Ray.  The court therefore **GRANTS** the Motion to Dismiss Brandy Ray as a Defendant and **DISMISSES WITH PREJUDICE** Hill's

claims against her.   The court further **DENIES** the Motion for a More Definite

Statement.

     **DONE** this 2nd day of August, 2021.

_____

HERMAN N. JOHNSON, JR.
UNITED STATES MAGISTRATE JUDGE